IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAMIAN TURNER, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| NAVEX GLOBAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Damian Turner ("Plaintiff"), and files this Complaint against Defendant NAVEX Global, Inc. ("Defendant"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia limited partnership that does business and resides in this District for jurisdictional purposes. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From July 1, 2016 to February 7, 2017, Plaintiff was employed by Defendant as a client support tech.

7.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, i.e. tasks involving in providing customer service to Defendant's customers.

8.

Throughout Plaintiff's employment, he was paid on a salary basis.

9.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

10.

Plaintiff's primary duty was not directly related to the management or general business operations of Defendant or its customers; nor did Plaintiff's primary duty involve the exercise of discretion and independent judgment on matters of significance.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

During his employment, Plaintiff regularly worked in excess of 40 hours in given workweeks and was not paid overtime wages at one and one-half times his regular rate for hours worked over 40 in such weeks.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Throughout his employment Plaintiff, Defendant misclassified Plaintiff as exempt from overtime compensation.

15.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without receiving overtime compensation at the required rate for his overtime hours.

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant's violations of the FLSA were willful and in bad faith.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 18th day of December 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff Damian Turner

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com